MARY ROBERTS, *Appellee,* v. THE CITY OF ST. MARYS,. *Appellant.*

No. 17,306.

SYLLABUS BY THE COURT.

CITIES—*Negligence—Employees—Safe Place to Work—Damages.*. Municipalities, as employers, in maintaining a well, windmill and pump to furnish water to the public, are under the same obligation as other employers to furnish their employees a safe place to work and, under like conditions, are likewise responsible in damages to an employee who is injured by the negligent failure to perform this duty.

Appeal from Pottawatomie district court. Opinion filed February 10, 1912. Affirmed.

*R. W. Blair, H. A. Scandrett, B. W. Scandrett, C. A. Magaw,* and *Maurice Murphy,* for the appellant.

*J. K. Codding, A. E. Crane, F. T. Woodburn, E. D. Woodburn,* and *Charles Hayden,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: This case having been twice tried in the district court, is here for the second time on appeal. The former decision in this court (*Roberts v. St. Marys,* 78 Kan. 707, 98 Pac. 211) recites, in general outline, the facts as developed on the trial, which, in the main, will be sufficient to an understanding of this decision.

It is first contended that the court erred in overruling the demurrer to appellee's evidence for the reason that it did not show that the deceased was employed by the city or any officer of the city authorized to do so. The evidence is sufficient under the above decision to require the submission of the case to the jury. In the instructions the jury were told that before the appellee could recover they must find that the city marshal had employed the deceased to oil the windmill; also, what circumstances were necessary to be proven to render

the city liable as the employer or master. The verdict for the appellee therefore includes a finding of these essential facts.

The deceased fell as he was descending from the windmill. A rung of the ladder, upon which he caught to support him in his descent, came off of the upright timbers to which it was nailed and thus caused the accident. It is contended that in the exercise of ordinary diligence the deceased must have observed the condition of the rung when he ascended the ladder. On the other hand, attention is called to the evidence that some time prior thereto another man had been employed to repair the ladder; that he simply drove in the old nails and thus brought the rung close up to the timbers and concealed the defect; that in fact the nails in the rung that gave away were almost destroyed by rust.

We can not say that the conditions were such that the trial court or this court could say that the deceased was guilty of negligence. All this evidence was before the jury, and they determined the question of fact in favor of appellee and the court approved their verdict. The evidence only inferentially shows, if at all, that the deceased had before been up the ladder.

Again, it is contended that a municipal corporation is not liable for such negligence as is complained of in this case. The reversal of the ruling on the demurrer to the evidence on the former appeal is based on a theory of the law directly opposed to this contention, although the question is not therein discussed.

There it was said:

"The evidence offered tended at least to prove that when the deceased was injured he was in the employ of the city and that there was negligence in failing to furnish him a safe place to work, and should have been submitted to the jury." (*Roberts v. St. Marys*, 78 Kan. 707, 710, 98 Pac. 211.)

(See, also, *Bowden v. Kansas City*, 69 Kan. 587, 77

Pac. 573; *Emporia v. Kowalski,* 66 Kan. 64, 71 Pac. 232.)

The question in this case is between master and servant and rests upon the obligation of the master to furnish the employee a safe place to work. Municipalities, as employers, in maintaining a well, windmill and pump to furnish water to the public, are under the same obligation as other employers to furnish their employees a safe place to work, and under like conditions are likewise responsible in damages to an employee who is injured by the negligent failure to perform this duty.

It is contended that the case of *Bowden v. Kansas City,* supra, is not applicable because of the greater powers of a city of the first class and the greater facilities of Kansas City, with its corps of officers, to guard against injury to its employees in maintaining a fire station. No such distinction is recognized between private employers. Whenever a city, great or small, assumes to employ men to labor in maintaining a well, windmill and pump to furnish water to the public, we see no valid reason for excusing it from the attendant obligation to furnish its employees a safe place to work or from its responsibility for a negligent failure so to do which results in an injury to an employee. Of course, the question of assumption of risk is determined by the facts of each case.

We have examined all the assignments of error and find nothing to justify a reversal.

The judgment is affirmed.